■ In the Matter of the Claim of EMANUEL FELDBERG, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 24, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner ruling claimant ineligible to receive special unemployment assistance benefits effective April 28, 1975 on the ground that he was not totally unemployed. Claimant, a law assistant in a branch of the Supreme Court in New York City, asserts a right to unemployment benefits during a period he was receiving terminated leave payments from his employer. In *Matter of Berger (Levine)* (53 AD2d 730) this court held a similarly situated claimant entitled to receive unemployment benefits, and the claimant herein is also so entitled. Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Kane, J. P., Main and Reynolds, JJ., concur; Larkin and Herlihy, JJ., concur in the following memorandum by Larkin, J.: A person on terminal leave, such as the claimant, maintains an employee relationship with his employer. During the period in question herein the claimant was on terminal leave and received his regular salary less deductions for income taxes. During the period for which this claimant contends that he is entitled to unemployment insurance benefits, he has been receiving in excess of $900 biweekly in salary. Pursuant to the determination of this court in the instant case, the claimant, while receiving his full salary, will also receive unemployment insurance benefits. The result, of course, is that the claimant will receive a greater income while "legally unemployed" than he ever received when he was employed. Although we find that the board's determination that the claimant was not unemployed is supported by a rational basis and is not arbitrary or capricious *(Matter of Fisher [Levine],* 36 NY2d 146), we are constrained to affirm on the basis of a prior decision of this court which held that a period of accumulated leave is not a period during which a claimant can be considered to be employed *(Matter of Berger [Levine],* 53 AD2d 740).