◼ In the Matter of ROSE M. PANDOZY, as Commissioner of the Clinton County Department of Social Services, on Behalf of MIMI NN., Respondent, v DWAYNE OO., Appellant.—Yesawich, Jr., J. Appeals (1) from an order of the Family Court of Clinton County (Feinberg, J.), entered November 17, 1987, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Mimi NN., and (2) from an amended order of said court (Purcell, Jr., H.E.), entered February 4, 1988, which directed respondent to pay for support of his child.

Initially, we note that respondent's appeal from the order establishing paternity must be dismissed since this order cannot be appealed without permission *(see, Matter of Jane PP. v Paul QQ.,* 64 NY2d 15). The issues relating to paternity may, however, be reviewed on the appeal from the amended

order of the Hearing Examiner establishing support (see, *Matter of Menaldino v Mark UU.,* 141 AD2d 265 [decided herewith]).

At issue is whether Family Court erred in refusing to grant respondent an additional continuance to enable him to secure the deposition of a witness now residing in California. This witness, a girlfriend of the mother, was one of five people present in the mother's camper on the night the mother allegedly had sexual relations with respondent, assertedly her only sexual contact in the relevant time period. The other four witnesses, including respondent, were deposed and their depositions were made a part of the record in this proceeding.

At the outset of the trial, Family Court granted respondent's application for the issuance of letters rogatory to take the deposition of the out-of-State witness. After waiting seven months for the deposition or answers to interrogatories from this witness, the court, prompted by petitioner's motion to restore the case to the calendar for completion of respondent's case, and being advised that it had before it all the evidence respondent's counsel had to present on respondent's behalf, did so. Approximately a week later, in a bench decision, Family Court found respondent to be the father. The court's decision to proceed was well within its discretion given the delay, the absence of any indication that the missing witness's testimony would add anything to the record, and the clear and convincing evidence adduced of respondent's fatherhood (see generally, CPLR 4011; *Cornier v Spagna,* 101 AD2d 141, 150).

Appeal from order entered November 17, 1987 dismissed, without costs.

Amended order entered February 4, 1988 affirmed, without costs. Weiss, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.