■ In the Matter of ROBERT U., a Person Alleged to be in Need of Supervision, Appellant. ROBERT S. DUBIK, as Assistant Principal of the Cazenovia Junior/Senior High School, Respondent.—Casey, J. Appeal from an order of the Family Court of Madison County (O'Brien, III, J.), entered March 2, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

At the initial hearing on a petition seeking to adjudicate respondent a person in need of supervision, respondent admitted certain allegations of the petition concerning his behavior at school. Based upon these admissions, Family Court determined that "respondent is a person in need of supervision who, while under sixteen years of age, does not attend school in accord with the provisions of part one of Article 65 of the Education Law, and is ungovernable and habitually disobedient". Respondent was placed in custody of the Madison County Commissioner of Social Services for a period of no more than 60 days for the purpose of psychiatric and psychological evaluations. A dispositional hearing was held after the evaluations were completed and, based largely upon the recommendations contained in the psychiatric and psychological reports, Family Court concluded that respondent should be placed in the custody of the Commissioner for 18 months for placement in a residential facility.

Respondent contends that Family Court erred in failing to state the reasons for its disposition. We agree. Family Court Act § 754 (2) provides that the order of disposition "shall state the court's reasons for the particular disposition", and specific findings must be included when the child is placed in accordance with Family Court Act § 756. Family Court Act § 752 requires that an order finding a respondent to be a person in

need of supervision "shall state the grounds for the finding and the facts upon which it is based", and this Court has held that "[t]his requirement is mandatory, and the information sought may not simply be stated on the record, but must be included in the order, both for judicial and policy review" (*Matter of Ricky BB*, 55 AD2d 800). We see no reason to reach a different conclusion as to the requirement of Family Court Act § 754 (2). Respondent's other claims of procedural error do not require dismissal of the petition or a new hearing. Accordingly, the appropriate remedy for noncompliance with Family Court Act § 754 (2) is to withhold determination of the appeal and remit the matter to Family Court for the purpose of amending the order to comply with the statutory mandate (*see, Matter of Ricky BB, supra*).

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that determination is withheld, and matter remitted to the Family Court of Madison County for further proceedings not inconsistent with this Court's decision.