(December 23, 1993)

■ In the Matter of ERIC O., a Person Alleged to be in Need of Supervision, Appellant. JOSEPH HOFFMAN, as Albany School District Attendance Officer, Respondent. [605 NYS2d 502] —Mahoney, J. Appeal from an order of the Family Court of Albany County (Breslin, J.), entered April 29, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent to be a person in need of supervision.

Respondent was adjudicated a person in need of supervision following his admission to the truancy allegations contained in the petition. Based upon the content of several evaluative reports and testimony adduced at the ensuing dispositional hearing, Family Court ordered respondent into the custody of the Albany County Commissioner of Social Services for a period of one year for placement in a residential facility.

Respondent's threshold argument on appeal is that Family Court's written explanation for residential placement, to wit, "the needs and best interests of the respondent would best be served by placement", is insufficient to satisfy the Family Court Act § 754 (2) mandate that the court state in its order the reasons for its disposition *(see, Matter of Robert U.,* 189 AD2d 1014; *Matter of Ricky BB,* 55 AD2d 800). We agree. In such situations, the proper action is to withhold determination of the appeal and to remit the matter to Family Court for the purpose of amending its order to comply with the statutory mandate *(see, Matter of Robert U., supra,* at 1015).

Mikoll, J. P., Yesawich Jr., Crew III and White, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.