■ In the Matter of TYNISAH S., a Person Alleged to be in Need of Supervision. [607 NYS2d 532] —Case held, decision reserved and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Family Court did not abuse its discretion in placing respondent in the custody of the Commissioner of Social Services and remanding her to non-secure detention to await transfer to an appropriate facility. The court's finding that respondent needed a high level of structured supervision in a residential environment and was in need of mental health therapy is fully supported by the record *(see, Matter of Hasan R.,* 177 AD2d 817, 818). The record further supports the court's determination that respondent should be detained to await transfer to an appropriate program. We note, however, that the court's order of disposition does not comply with Family Court Act § 754 (2) because it does not set forth "the court's reasons for the particular disposition" nor does it make any determination that continuation in the child's home would be contrary to the best interest of the child, or that reasonable efforts were made to prevent or eliminate the need for removal of the child from her home *(see, Matter of Robert U.,* 189 AD2d 1014, 1015; *Matter of Ricky BB,* 55 AD2d 800; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 754, at 91). Although the court stated the reasons for its determination on the record, the requirement of the statute is mandatory. Thus, the matter must be remitted to Family Court for the purpose of amending the order to comply with the statutory mandate *(see, Matter of Robert U., supra).* (Appeal from Order of Monroe County Family Court, Kohout, J.—Person In Need of Supervision.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.