■ In the Matter of SARAH L. and Others, Children Alleged to be Abused. JOHN S., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [617 NYS2d 71] —Case held, decision reserved and matter remitted to Erie County

Family Court for further proceedings in accordance with the following Memorandum: Respondent contends that the order of disposition of Family Court does not comply with the mandate of Family Court Act § 1052 (c) because it does not contain the required language warning respondent of the ramifications of any subsequent adjudication of child abuse. We agree. Although the court properly warned respondent on the record, the order does not contain the language mandated by statute. Thus, the matter must be remitted to Family Court for the purpose of amending the order to comply with the statutory mandate (see, Matter of Tynisah S., 201 AD2d 958; cf., Matter of Robert U., 189 AD2d 1014).

We reject the contention of respondent that his right to a fact-finding hearing was violated. At the fact-finding hearing held on July 10, 1992, petitioner offered in evidence, without objection, a certified copy of an indictment and a certificate of conviction indicating that respondent had been convicted of attempted sodomy in the first degree and sodomy in the second degree; petitioner asked the court to sustain the child abuse petition based on those documents. Respondent does not dispute that he had a full and fair opportunity to litigate in the criminal proceedings the issue of his having sodomized his two stepdaughters. All the requirements were satisfied for applying collateral estoppel to sustain the child abuse petition (see, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., 83 NY2d 178, 182-183). The establishment of the sexual abuse by respondent of his two stepdaughters constituted admissible proof of his abuse of his two sons (see, Family Ct Act § 1046 [a] [i]).

There is no merit to respondent's contention that the Judge erred in failing to recuse herself. No request for recusal was made.

Finally, we conclude that the order of disposition is supported by sufficient evidence. (Appeal from Order of Erie County Family Court, Townsend, J.—Child Abuse.) Present—Denman, P. J., Green, Balio, Wesley and Callahan, JJ.