■ In the Matter of DENISE GG. and Others, Children Alleged to be Abused and Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THOMAS GG., Appellant. [678 NYS2d 821] —Cardona, P. J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered April 2, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Respondent is the father of Denise GG. (born in 1984), Lisa GG. (born in 1985) and Samantha GG. (born in 1989). In April 1996, petitioner filed an abuse and/or neglect petition against respondent alleging, *inter alia*, that he committed various acts

* The allegations against respondent's wife were resolved prior to the hearing.

of sexual abuse against Denise and Lisa. In October 1996, respondent pleaded guilty to numerous sex-related crimes, some of which provided the basis for the abuse and/or neglect petition. Specifically, with regard to crimes involving Denise, respondent pleaded guilty to sodomy in the first degree, endangering the welfare of a child and use of a child in a sexual performance. Respondent thereafter attempted to withdraw his plea of guilty, claiming that his attorney had pressured him into entering it. County Court found no basis to vacate respondent's guilty plea and imposed sentence.

. Based upon respondent's plea, petitioner moved for summary judgment in the abuse and/or neglect proceeding. Family Court granted the motion and issued an order adjudicating Denise to be an abused child and Lisa and Samantha derivatively to be abused and neglected children. Respondent appeals.

We affirm. In the context of child protective proceedings, the courts have accorded collateral estoppel effect to criminal convictions involving sexual crimes where the conduct providing the basis for the crimes is the same as that alleged in the abuse and/or neglect petition (*see, Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182-183; *Matter of Laurali M.*, 248 AD2d 983; *Matter of Sarah L.*, 207 AD2d 1016, *lv denied* 85 NY2d 811; *Matter of Denise J.*, 133 AD2d 687). In this case, the record discloses that the conduct providing the basis for respondent's plea of guilty to the crimes involving Denise is the same as that alleged in the abuse and/or neglect petition. Inasmuch as there is an identity of issue between the two proceedings and respondent had a full and fair opportunity to litigate the matter in the criminal proceeding, collateral estoppel applies to sustain Family Court's finding of abuse and neglect against the children (*see, Matter of Suffolk County Dept. of Social Servs. v James M., supra*, at 183; *Matter of Amanda LL.*, 195 AD2d 708, 709-710). Our conclusion is unaltered by the fact that summary judgment was granted based upon respondent's plea of guilty since a judgment of conviction based upon this plea was ultimately entered.

Furthermore, we find no merit to respondent's claim that a question of fact is raised by his attempt to withdraw his plea inasmuch as he has failed to substantiate his conclusory allegation of coercion and the transcript of the plea colloquy clearly discloses that the plea was knowingly, voluntarily and intelligently entered (*see, People v Cook*, 252 AD2d 595; *People v Goncalves*, 239 AD2d 924, *lv denied* 91 NY2d 873).

White, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.