OPINION OF THE COURT
Philip C. Segal, J.
*352 In this child protective proceeding (see, Family Ct Act art 10), petitioner Commissioner of Children’s Services moves for summary judgment (see, Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178 [1994]) declaring that respondents’ three minor children are neglected. In support of its motion, petitioner submits documentary evidence that respondents Tina Peterson and Ethan Clarke were each convicted in Kings County Supreme Court of criminal possession of a controlled substance (Penal Law §§ 220.09, 220.16) and that respondent Clarke also was convicted of criminal possession of a weapon (Penal Law § 265.03). Petitioner contends that respondents are collaterally estopped from denying that their children are neglected on the basis of the convictions and, consequently, that a fact-finding hearing is not required. For the following reasons petitioner’s motion is denied.
Contrary to petitioner’s contentions, a criminal conviction will collaterally estop, a parent from denying in Family Court that his children are neglected only when (i) the underlying crime actually is committed against the child and (ii) the elements of the crime, by their very nature, expose the child to at least a risk of physical or emotional harm. Thus, for example, a parent’s conviction for sexually abusing, assaulting or endangering the welfare of a child always will constitute the type of crime that results in a finding of neglect or abuse by summary judgment.
Here, respondents’ crimes were not committed against their children and the elements of their crimes do not constitute a risk of harm per se. As such, respondents’ crimes cannot support the relief petitioner now seeks as a matter of law.
Petitioner alternatively contends that the manner in which respondents committed the crimes and related factors exposed the children to harm and that summary judgment, therefore, is warranted. However, counsel’s submission of an affirmation that fails “to profess personal knowledge of the underlying facts” is an insufficient basis for summary judgment as a matter of law. (GTE Sylvania v Jupiter Supply Co., 51 AD2d 993 [2d Dept 1976].)
Accordingly, petitioner’s motion is denied and a fact-finding hearing will be scheduled forthwith to determine whether respondents’ children are neglected within the meaning of Family Court Act § 1012.