■ In the Matter of BRIAN B. COMMISSIONER OF SOCIAL SERVICES, Respondent; LEE B., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of CHRISTOPHER B. COMMISSIONER OF SOCIAL SERVICES, Respondent; LEE B., Appellant, et al., Respondent. (Proceeding No. 2.) [723 NYS2d 882] —In two related child protective proceedings pursuant to Family Court Act article 10, Lee B. appeals from (1) two fact-finding orders of the Family Court, Queens County (Lubow, J.) (one as to each child), both dated May 5, 1999, which, after a hearing, found that the children were abused, and (2) two orders of dis-

position of the same court (one as to each child), both dated November 16, 1999, which, upon the fact-finding orders, paroled his stepson, Brian B., to that child's biological father and paroled his biological son, Christopher B., to the son's mother.

Ordered that the appeals from the fact-finding orders are dismissed, without costs or disbursements, as those orders were superseded by the orders of disposition (*see, Matter of Rizzo R.,* 255 AD2d 588); and it is further,

Ordered that the appeals from so much of the orders of disposition as paroled Brian B. to his biological father and paroled Christopher B. to his mother are dismissed, without costs or disbursements, as those portions of the orders were entered on consent (*see, Matter of Jonathan G.,* 278 AD2d 324); and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

While the appellant contends that the testimony at the fact-finding hearing was insufficient to prove that he abused his stepson and his son, the Family Court's finding of abuse against his stepson, Brian B., was made after granting the presentment agency's motion for summary judgment. The Family Court properly granted the motion based upon the appellant's criminal conviction of an offense arising out of the same underlying conduct (*see, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.,* 83 NY2d 178; *Matter of Jimmy A.,* 218 AD2d 734). The Family Court also properly made a finding of derivative abuse against the appellant's biological son, Christopher B. (*see,* Family Ct Act § 1046 [a] [i]; *Matter of Jimmy A., supra,* at 735).

The appellant's contention that he was deprived of various constitutional rights is without merit. It is unnecessary to address his remaining contentions. Santucci, J. P., Altman, Florio and Adams, JJ., concur.