In the Matter of DESIREE C., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES OF CITY OF NEW YORK, Respondent; PATRICK D., Appellant. [776 NYS2d 320]—

In two related child protective proceedings pursuant to Family Court Act article 10, the putative father appeals from (1) a dispositional order of the Family Court, Kings County (Elkins, J.), dated January 14, 2000, which, upon a fact-finding order of the same court dated November 22, 1999, entered upon the mother's admission of neglect, placed Desiree C. with the

mother under the petitioner's supervision for a period of 12 months, (2) an order of the same court dated May 23, 2000, which, inter alia, directed him to complete a sex offender treatment program, and (3) an order of protection of the same court, also dated May 23, 2000, which directed him to stay away from Desiree C. until March 2, 2012. The appeals from the orders dated May 23, 2000, bring up for review a fact-finding order of the same court dated April 7, 2000, which, upon granting the petitioner's motion for summary judgment against the putative father, determined that Desiree C. was derivatively abused.

Ordered that the appeal from the dispositional order dated January 14, 2000, is dismissed, without costs or disbursements; and it is further,

Ordered that the orders dated May 23, 2000, are affirmed, without costs or disbursements.

In October 1998, the Administration for Children's Services (hereinafter ACS) filed two petitions pursuant to Family Court Act article 10 alleging that the appellant and the mother abused and/or neglected their two daughters, Dainty C. and Desiree C. Each petition alleged that the appellant sexually abused the girls and that the mother knew, or should have known, about the sexual abuse but failed to take any steps to protect the children. About one year later, the appellant was convicted, upon a jury verdict, of sodomy in the first degree, sexual abuse in the first degree, and endangering the welfare of a child for acts he committed against Dainty C. This Court subsequently affirmed his judgment of conviction.

By dispositional order dated January 14, 2000, entered upon the mother's admission of neglect, the Family Court released Desiree C. into the mother's custody under the supervision of ACS for a period of 12 months subject to certain conditions. On his appeal from that order, the appellant contends, inter alia, that the Family Court improperly prevented him from participating in a hearing in September 1999, pursuant to Family Court Act § 1028, and temporarily removed the girls from their home, as a result of the hearing, shortly before his criminal trial. The appeal from that order must be dismissed on the ground that the appellant is not aggrieved thereby since the order was entered against the mother (see CPLR 5511). Moreover, the appeal has been rendered academic because the 12-month placement period has expired (see Matter of Keith C., 226 AD2d 369 [1996]; Matter of Eddie E., 219 AD2d 719 [1995]). In addition, any corrective measures that this Court might have taken with respect to the temporary removal of Desiree C. during this proceeding would have no practical effect (see Matter of Joyce

*SS.,* 245 AD2d 962 [1997]; *Matter of New York City Dept. of Social Servs. [Kalisha A.] v Diognes T.,* 208 AD2d 844 [1994]; *Matter of Catherine W. v Donald W.,* 166 AD2d 651 [1990]).

Contrary to the appellant's contention, the Family Court properly granted the motion of ACS for summary judgment based on the doctrine of collateral estoppel, because he had a full and fair opportunity to litigate the criminal charges, which fell within the broad allegations of the abuse petition. Moreover, the criminal conviction, which was conclusive proof of the sexual abuse of Dainty C., justified the derivative finding of abuse with respect to Desiree C. (*see Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.,* 83 NY2d 178 [1994]; *Matter of Denise GG.,* 254 AD2d 582 [1998]; *Matter of Sarah L.,* 207 AD2d 1016 [1994]). Santucci, J.P., Altman, S. Miller and Goldstein, JJ., concur.