Matter of Marquekah B. (2006 NY Slip Op 51523(U))

[*1]

Matter of Marquekah B.

2006 NY Slip Op 51523(U) [12 Misc 3d 1191(A)]

Decided on August 3, 2006

Family Court, Kings County

Hamill, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 3, 2006

Family Court, Kings County
In the Matter of Marquekah B. Child Under Eighteen Years of Age Alleged to be Severely Abused and/or Abused by Susan B., Respondent.
NA-000xx/06

Bryanne Hamill, J.
On May 5, 2006, the Administration for Children's Services (hereinafter "ACS") filed motions for summary judgment. ACS asserts there are no triable issues of fact as to the following: (1) Marquekah B., born on May 22, 2001, is an abused and/or neglected child by respondent mother, Susan B. (hereinafter "respondent mother") as defined by section 1012 of the FCA; and 2) Marquekah B. is a severely abused child by the respondent mother as defined by section 384-b of the Social Services Law. Counsel for the mother has filed an affirmation, conceding that there are no factual and legal bases upon which to oppose the motions, but requests this Court exercise discretion and only enter findings of neglect.
This child protective proceeding was commenced on January 3, 2006, with the filing of a severe abuse petition against the respondent mother. The petition alleges that the respondent mother committed or allowed to be committed a sex offense against the subject child, Marquekah B., as defined in Article 130 of the Penal Law. The petition further alleges that the sources of information for the allegation against the respondent mother include statements made by the subject child to a Detective with the Special Victims Unit at the Brooklyn Children's Advocacy Center, statements made by respondent mother to the ACS caseworker, and a written admission by respondent mother.
On March 26, 2006, the respondent mother was convicted of Sexual Abuse in the First Degree in violation of Penal Law §130.65 and Endangering the Welfare of a Child in violation of Penal Law §260.10. Attached to ACS' motion are the transcripts from the Supreme Court criminal proceedings with the certificates of disposition. The plea minutes reveal that respondent mother admitted that she engaged in sexual contact with the child and knowingly acted in a manner likely to be injurious to the physical, mental and moral welfare of a child less than seventeen years old.
The Court of Appeals established the appropriateness of summary judgments in neglect [*2]and abuse proceedings in Suffolk County DSS V. James M., 83 NY2d 178 (1994). "Summary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can be properly resolved as a matter of law." Andre V. Pomeroy, 362 NYS2d 313, 133 (1974). "When there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the trial calendar and thus deny to other litigants the right to have their claims promptly adjudicated." Id. at 133. Where the moving party has demonstrated that it is entitled to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a triable issue of fact or tender an acceptable excuse for failing to do so, and the submission of a hearsay affirmation by counsel alone does not satisfy this requirement." Zuckerman v. City of New York, 49 NY2d 557 (1980). Unsubstantiated allegations are insufficient to raise a triable issue of fact and will not defeat entry of summary judgment. Matter of Jimmy A., 218 AD2d 734 (2nd Dept. 1995).
Family Court Act §1012(e)(iii) defines an "abused child" as "a child less than eighteen years of age whose parent or other person legally responsible for her care (iii) commits or allows to be committed an offense against such child defined in article one hundred thirty of the penal law." Furthermore, Social Services Law §384-b(8)(a)(ii) states that "a child is severely abused' by his or her parent if (ii) the child has been found to be an abused child, as defined in paragraph (iii) of subdivision (e) of §1012 of the Family Court Act, as a result of such parent's acts; provided, however, the respondent must have committed or knowingly allowed to be committed a felony sex offense as defined in §§ 130.25, 130.30, 130.35, 130.40, 130.45, 130.50, 130.65, 130.67, 130.70, 130.75, and 130.80 of the penal law."
The respondent mother was convicted of Sexual Abuse in the First Degree a violation of §130.65 of the Penal law. Furthermore, respondent mother admitted, in the criminal proceedings, to subjecting the child to sexual contact by touching her hand to the breast of the subject child. Based upon the respondent's criminal conviction and her admission, this court finds that the statutory requirements for an abused child are satisfied pursuant to FCA §1012(e)(iii) and a severely abused child pursuant to SSL §384-b(8)(a)(iii). The statutory language and existing case law make clear that "in as much as there is an identity of issue between the two proceedings and respondent had a full and fair opportunity to litigate the mater in the criminal proceeding, collateral estoppel applies to sustain Family Court's finding of abuse and neglect against the children." In the Matter of Denise GG., 254 AD2d 582, 583 (NY App. Div. 1998).
Accordingly, ACS' motions for summary judgment are granted to the extent that this Court enters a finding of sexual abuse, by clear and convincing evidence, against the respondent mother, pursuant to FCA §1012(e)(iii), and a finding of severe abuse, by clear and convincing evidence, pursuant to § 384-b(8)(a)(ii) of the Social Services Law.
The foregoing constitutes the decision and Order of this Court.
Dated: Brooklyn, New York
 August 3, 2006
E N T E R:
______________________________
HON. BRYANNE A. HAMILL
Judge of the Family Court