Matter of Brittany B. (2006 NY Slip Op 51984(U))

[*1]

Matter of Brittany B.

2006 NY Slip Op 51984(U) [13 Misc 3d 1225(A)]

Decided on October 18, 2006

Family Court, Kings County

Hamill, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 18, 2006

Family Court, Kings County
In the Matter of Brittany B. A Child Under Eighteen Years of Age Alleged to be Abused by Arleen B. James B., Respondents.
NA-3078/06

Bryanne A. Hamill, J.
On August 31, 2006, the Administration for Children's Services (hereinafter "ACS") filed a motion for summary judgment. ACS asserts there are no triable issues of fact that Brittany B., born on June 6, 1989, was abused by her biological father, James B. (hereinafter "respondent father") as defined by section 1012(e)(iii) of the Family Court Act.
This child protective proceeding was commenced on February 7, 2006, with the filing of an abuse petition against Arleen B. (hereinafter the "respondent mother") and respondent father. The petition alleges that the respondent father committed or allowed to be committed a sex offense against the subject child as defined in Article 130 of the Penal Law. The petition alleges that the subject child informed the caseworker that the respondent father sexually abused her by forcibly engaging in sexual intercourse with her as frequently as four times a week, beginning in September 2003, at the time she was fourteen years old. The subject child also informed the caseworker that the last time the respondent father forcibly subjected her to sexual intercourse was on or about July 2005. The petition further alleges that according to the subject child, on or about July 2005, she disclosed the abuse to the respondent mother, who at the time took the subject child to live with her. The respondent mother informed the caseworker that the respondent father admitted to her that he sexually abused the subject child.[FN1]
[*2]
On April 24, 2006, the respondent father was convicted of Endangering the Welfare of a Child in violation of Penal Law §260.10. Attached to ACS' motion are the transcripts from the Supreme Court criminal proceedings with the certificate of disposition. The plea minutes reveal that respondent father admitted that, on or about and between September 12, 2003 and July 13, 2005, he did endanger the physical and moral welfare of Brittany B., who is a child under the age of seventeen, in that he did place his penis inside her vagina. On June 20, 2006, the respondent father was sentenced to three years probation, conditioned upon attending and completing the Mustard Seed sex offender's treatment program, with a one year order of protection, subject to Family Court orders of visitation.
The Court of Appeals established the appropriateness of summary judgments in neglect and abuse proceedings in Suffolk County DSS V. James M., 83 NY2d 178 (1994). "Summary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can be properly resolved as a matter of law." Andre V. Pomeroy, 35 NY2d 361 (1974). "When there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the trial calendar and thus deny to other litigants the right to have their claims promptly adjudicated."
 Id. at 364. Where the moving party has demonstrated that it is entitled to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a triable issue of fact or tender an acceptable excuse for failing to do so, and the submission of a hearsay affirmation by counsel alone does not satisfy this requirement." Zuckerman v. City of New York, 49 NY2d 557 (1980).
Family Court Act §1012(e)(iii) defines an "abused child" as "a child less than eighteen years of age whose parent or other person legally responsible for her care (iii) commits or allows to be committed an offense against such child defined in article one hundred thirty of the penal law."
New York Penal Law §130.25 defines Rape in the Third Degree as when a person being twenty-one years old or more engages in sexual intercourse with another person less than seventeen years old. The respondent father admitted, in the criminal proceedings, to engaging in sexual intercourse with the subject child by placing his penis in her vagina, when the subject child was less than seventeen years old. Based upon the respondent's criminal conviction and his admission under oath in criminal court, this court finds that the statutory requirements for an abused child are satisfied, pursuant to FCA §1012(e)(iii).
 The statutory language and existing case law make clear that "inasmuch as there is an identity of issue between the two proceedings and respondent had a full and fair opportunity to litigate the mater in the criminal proceeding, collateral estoppel applies to sustain Family Court's finding of abuse and neglect against the children." In the Matter of Denise GG., 254 AD2d 582, 583 (NY App. Div. 1998).
Accordingly, ACS' motion for summary judgment is granted to the extent that this Court enters a finding of sexual abuse, by clear and convincing evidence, against the respondent father, pursuant to Family Court Act §1012(e)(iii).
The foregoing constitutes the decision and Order of this Court.
[*3]
Dated: Brooklyn, New York
October 18, 2006
E N T E R:
______________________________
HON. BRYANNE A. HAMILL
Judge of the Family Court

Footnotes

Footnote 1: On July 31, 2006 the respondent mother was granted an adjournment in contemplation of dismissal for one year on condition that she continues with individual counseling, ensures that the subject child continues counseling, enforces the temporary order of protection against the respondent father, and cooperates with all appropriate and reasonable referrals.