■ In the Matter of DIANA N. and Others, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RAYMOND N., Appellant. [825 NYS2d 557]—

Mercure, J. Appeal from an order of the Family Court of

Clinton County (Lawliss, J.), entered March 2, 2006, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the father and custodial parent of three children, Diana N. (born in 1989), Jeffrey N. (born in 1995) and Nikita N. (born in 1998). In July 2001, respondent admittedly kicked Diana in the shin, causing pain, swelling, bruising and an abrasion. That incident, which was investigated by Clinton County Child Protective Services and indicated against him for inadequate guardianship of Diana, forms the basis for petitioner's allegations of neglect in this proceeding against respondent. The petition was adjourned in contemplation of dismissal in July 2005 but was subsequently returned to the court's calendar, without objection, after respondent admitted to using marihuana. At the conclusion of a fact-finding hearing, Family Court determined that respondent neglected Diana, but dismissed petitioner's allegations of derivative neglect with respect to the two younger children.\* Respondent thereafter consented to a dispositional order permitting him to retain custody of Diana but placing him under petitioner's supervision for a period of one year. Respondent now appeals from the order of fact-finding and disposition.

We affirm. The record reveals that respondent pleaded guilty to endangering the welfare of a child (*see* Penal Law § 260.10) and assault in the third degree (*see* Penal Law § 120.00) based on the same conduct that is alleged in the petition. While respondent asserts that "people plead guilty in justice court to things that are not necessarily appropriate under [the] law," he has not denied that he is guilty of the crimes for which he was convicted, challenged the validity of his plea, or made any argument suggesting that he was not given a full and fair opportunity to litigate the issue of his guilt in the criminal proceeding. Thus, we agree with petitioner that given the identity of issue between the two proceedings and lack of dispute over whether respondent had a full and fair opportunity to litigate the matter in the criminal proceeding, Family Court properly relied upon the doctrine of collateral estoppel to sustain the finding of neglect herein (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182-183 [1994]; *Matter of Kali-Ann E.*, 27 AD3d 796, 798 [2006], *lv denied* 7 NY3d

---

\* The petition also contained 12 allegations of neglect against the children's mother. Petitioner asserts that following a separate fact-finding hearing on the allegations against the mother, she was found to have neglected the children. The mother has not appealed that finding.

704 [2006]; *Matter of Nora M.*, 300 AD2d 922, 923 [2002]; *Matter of Denise GG.*, 254 AD2d 582, 583 [1998]).

We have considered respondent's remaining arguments and conclude that they are unpreserved for our review, unsupported by the record or otherwise lacking in merit.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.