■ In the Matter of Javon T. Nassau County Department of Social Services, Respondent; Ashley T., Appellant. [882 NYS2d 302]—

In a child neglect proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Nassau County (Greenberg, J.), dated January 25, 2008, which granted the motion of the Nassau County Department of Social Services for summary judgment finding that she had neglected the subject child.

Ordered that the order is affirmed, without costs or disbursements.

The court properly granted the motion of the Nassau County Department of Social Services for summary judgment based on the mother's criminal conviction of an offense arising out of the same conduct alleged in the petition (*see Matter of Tali W.,* 299 AD2d 413 [2002]; *Matter of Christopher B.,* 283 AD2d 424 [2001]). A determination in a criminal action may be given collateral estoppel effect in a Family Court proceeding where the identical issue has been resolved, and the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct (*see Matter of Ajay P.,* 60 AD3d 681 [2009]; *Matter of Desiree C.,* 7 AD3d 522 [2004]). Here, the acts for which the mother was convicted in criminal court were the same acts alleged in the neglect petition. The agency satisfied its burden of establishing the identicalness of the issues presented in the neglect proceeding and the criminal action (*see Matter of Suffolk County Dept. of Social Servs. v James M.,* 83 NY2d 178 [1994]; *Matter of Ajay P.,* 60 AD3d 681 [2009]).

The mother's contention that her allocution at the criminal plea proceeding was insufficient to support a finding of neglect is without merit. The mother's admissions at her allocution showed that she failed to exercise a minimum degree of care in

providing the child with proper supervision or guardianship, thus placing the child's physical, mental, or emotional condition in imminent danger of becoming impaired (*see* Family Ct Act § 1012 [f] [i] [B]). Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.