■ In the Matter of JENNIFER GOWRIE, Respondent, v FREDDY SQUIRES, Appellant. [898 NYS2d 57]—

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an amended order of disposition of the Supreme Court, Orange County (Kiedaisch, J.), entered December 3, 2008, which, upon an order of the same court entered April 29, 2008, inter alia, granting that branch of the mother's motion which was for summary judgment finding that he had committed a family offense, and after a dispositional hearing, directed him to observe the conditions of an order of protection in favor of the mother and the parties' children for a period of five years.

Ordered that the amended order of disposition is affirmed, without costs or disbursements.

The Supreme Court properly granted that branch of the mother's motion which was for summary judgment finding that the father committed a family offense based on the father's conviction of criminal contempt in the second degree, which arose out of the same conduct as alleged in the petition (see Matter of Javon T., 64 AD3d 608, 608 [2009]; Matter of Brian B., 283 AD2d 424, 425 [2001]). A determination in a criminal action may be given collateral estoppel effect in a proceeding pursuant to the Family Court Act where the identical issue has been resolved, and the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct (see Matter of Ajay P., 60 AD3d 681, 683 [2009]; Matter of Desiree C., 7 AD3d 522, 524 [2004]). Here, the acts for which the father was convicted in criminal court were the same acts which were alleged in the family offense petition. In opposition to the mother's prima facie showing, the father failed to raise a triable issue of fact in opposition as to the identity of the issues in the criminal court proceeding and the Supreme Court proceeding, or as to the opportunity to fully litigate the issues in the criminal court proceeding (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183 [1994]; Matter of Ajay P., 60 AD3d at 683).

Contrary to the father's contentions, the Supreme Court did not subject him to double jeopardy when it entertained the mother's family offense petition, even though he had already been convicted of criminal contempt and sentenced for the same offense as alleged in the petition (see People v Wood, 95 NY2d 509, 512-513 [2000]; see Family Ct Act § 812 [1]; § 813 [2]; § 821-a [2] [b]; §§ 828, 841 [d]; § 842; CPL 530.12). "While double jeopardy concerns may come into play where a person allegedly wilfully violates an order of protection . . . those

considerations are not relevant where, as here, the petitioner is merely seeking an order of protection, a remedy which is not punitive and does not involve, at this stage, incarceration" (*Matter of Alfeo v Alfeo*, 306 AD2d 471, 471-472 [2003]).

The Supreme Court properly determined that the petitioner proved by a preponderance of the evidence that the father committed acts constituting the family offense of harassment, warranting the issuance of an order of protection which, inter alia, prohibited him from contact with the parties' children for a period of five years (*see* Family Ct Act § 832; *Matter of Kraus v Kraus*, 26 AD3d 494, 495 [2006]; *Matter of Wissink v Wissink*, 13 AD3d 461, 462 [2004]; *Matter of Charlene J.R. v Walter A.M.*, 307 AD2d 1038, 1039 [2003]). Rivera, J.P., Florio, Miller and Eng, JJ., concur.