OPINION OF THE COURT
Kimberly M. Seager, J.
Petitioner, Department of Social Services (DSS), seeks in its motion to have the court reopen the trial of this matter to offer in evidence a certificate of conviction filed in the Town of Sandy Creek Justice Court. The criminal nonjury trial commenced after the conclusion of the trial before this court. Respondent father opposes the motion on several grounds.
The motion raises several issues that must be considered by the court: whether it is appropriate for the court to give petitioner an opportunity to submit additional evidence after trial testimony and summations have been completed, and what factors the court should consider in determining whether the matter should be reopened.
On July 6, 2010, the petitioner and respondent rested after two days of trial. The court adjourned the matter until August *636 19, 2010 in order to render its decision. On August 16, 2010, petitioner filed a motion to reopen the trial to have a certificate of conviction entered as proof of the alleged neglect. Motion arguments were scheduled for a date after the decision was to be rendered in order to give respondent’s and the children’s attorneys their statutory time to respond. On August 19, 2010, the court rendered its decision dismissing the neglect petition without considering petitioner’s motion or offer of proof.
The introduction of evidence and the time when it may be introduced are matters generally resting in the sound discretion of the trial court (see Matter of Julia BB., 42 AD3d 208 [3d Dept 2007], lv denied 9 NY3d 815 [2007], citing Feldsberg v Nitschke, 49 NY2d 636 [1980], rearg denied 50 NY2d 1059 [1980]). Further, after a party has produced all of its evidence and rested its case, it has been held to be within the discretion of the court whether to allow reopening of the case (see id.).
In its motion, DSS relies on the holding in Kay Found v S & F Towing Serv. of Staten Is., Inc. (31 AD3d 499 [2d Dept 2006]), wherein the trial court denied plaintiffs motion to reopen.[1] In Kay, the Second Department found the lower court erred by not allowing the submission of what was “considered to be crucial evidence” (id. at 501). The Kay Court held that in deciding whether leave should be granted to reopen a nonjury trial “the trial court should consider whether the movant has provided a sufficient offer of proof, whether the opposing party is prejudiced, and whether significant delay in the trial will result if the motion is granted” (id.).
In Julia BB. (42 AD3d 208 [2007]), the Third Department considered a motion following the close of proof but prior to the issuance of Family Court’s fact-finding decision. In that case, it was respondents who moved by order to show cause to have the child examined by two expert physicians and to reopen the proof in order to admit their testimony. Family Court denied respondents’ motion to reopen, but granted the request to have the child examined, holding that the resulting testimony would be beneficial at the dispositional hearing. The Third Department’s determination on whether the Family Court abused its discretion in denying respondents’ motion to reopen was a resounding “yes,” since the record reflected that the movant offered a cogent explanation as to why the requested testimony had not *637 been offered sooner and specified who would be testifying, what the proof would be, and how it related to the central dispute (see id. at 215).
Even after a decision has been rendered, it has been considered proper for a Family Court to reopen the proof (see Matter of Chendo O., 193 AD2d 1083 [4th Dept 1993]). In Chendo O., the trial court, after a fact-finding hearing, found the respondent not responsible for the abuse of his daughters, but instead found that he had neglected them by permitting their sexual abuse (see id.). In a motion made pursuant to Family Court Act § 1061, petitioner’s attorney asserted in a supporting affidavit that the children had not been in counseling at the time of trial and that the counselor who worked with them after the fact-finding order believed that respondent was the abuser. Petitioner’s attorney attached a list of statements made by the children to their counselor to support that they were abused by respondent. He also attached a letter from a social worker who, after meeting with respondent alone, and then with the children, concluded that the children had been abused by the respondent. The Fourth Department found that Family Court Act § 1061 authorizes the court to allow this additional information based on a showing of good cause.
It is also well within the trial court’s discretion to deny additional evidence where there is an absence of any indication that the evidence would add anything to the record, given the clear and convincing evidence already adduced at fact-finding (see generally Matter of Pandozy v Dwayne OO., 144 AD2d 739 [3d Dept 1988]).
Based upon the foregoing analysis, in order for this court to determine if petitioner has made the requisite showing of good cause and allow the reopening, it must consider several factors. Among the factors to be considered are whether petitioner has provided a sufficient offer of proof; whether there will be any significant delay if the motion is granted; whether the petitioner has offered a cogent explanation as to why the requested evidence had not been offered sooner; whether the respondent will be prejudiced; and how the offer of proof relates to the central issue or whether it will add anything to the record in light of the evidence already adduced at fact-finding.
In the case at bar, petitioner has clearly established the nature of the additional proof, specifically, a certificate of conviction. Further, the court does not believe that any significant delay would result in reopening the trial to allow the certificate to be *638 admitted, as respondent has indicated that he would not seek to offer any further evidence in response. The certificate clearly was not available at the close of trial, as the criminal matter did not commence until after the completion of the Family Court matter.
As to the matter of prejudice, respondent’s counsel argues that to allow petitioner to reopen would be akin to giving it a second bite of the apple and could result in never-ending litigation. While respondent is correct that some finality is required, the court does not find any prejudice to respondent in this case, given the close proximity in time between the two trials and the promptness of petitioner’s motion.
Finally, in order to grant petitioner’s motion, the court must find that the certificate of conviction would add something to the record, given the extensive evidence already adduced during the two-day fact-finding trial.
Petitioner argues that it should be allowed to reopen the matter to add the certificate of conviction as “the determination of guilt in the parallel criminal action has collateral estoppel effect in these Family Court proceeding” (see petitioner’s affirmation, point 8). In opposition, respondent argues that neglect and endangering the welfare of a child are not interchangeable, as if comparing “apples and oranges” (see respondent’s affirmation, points 8-11).
“The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same” (Matter of Jasmine R., 8 Misc 3d 904, 910 [Fam Ct, Queens County 2005]; see Matter of New York State Urban Dev. Corp. [Niagara Venture — DiCienzo], 63 AD3d 1719 [4th Dept 2009], citing Kaufman v Eli Lilly & Co., 65 NY2d 449 [1985]).
It is well-settled that collateral estoppel effect may be afforded to criminal convictions in Family Court “where the conduct providing the basis for the crimes is the same as that alleged in the abuse and/or neglect petition” (Matter of Denise GG., 254 AD2d 582, 583 [3d Dept 1998], citing Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178 [1994]; see Matter of Derrick C., 55 AD3d 1320 [4th Dept 2008]). “Inasmuch as there is an identity of issue between the two proceedings and *639 respondent had a full and fair opportunity to litigate the matter in the criminal proceeding, collateral estoppel applies to sustain Family Court’s finding of abuse and neglect against the children” CDenise GG., 254 AD2d at 583).
Because of the nature of the doctrine, collateral estoppel is often applicable to pretrial matters such as a motion for summary judgment.[2] Its use is most frequently upheld where the Family Court and Criminal Court matters involve the sexual abuse of a child (see Suffolk County Dept. of Social Servs., 83 NY2d 178 [1994]; Matter of Ajay P., 60 AD3d 681 [2d Dept 2009]; Derrick C., 55 AD3d 1320 [2008]; Denise GG., 254 AD2d 582 [1998]). However, it has also been applied to matters involving a respondent’s mental illness (see Jasmine R., 8 Misc 3d 904 [2005]). When the criminal allegations involve acts in the nature of endangering the welfare of a child, the application of collateral estoppel is not as certain (see Matter of Diana N., 34 AD3d 1058 [2006]; Matter of Elizeo C., 19 Misc 3d 1112[A], 2007 NY Slip Op 52546[U] [Fam Ct, Kings County 2007]).
The Family Court Act defines a neglected child, in pertinent part, as a child less than 18 years of age
“(i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care . . .
“(B) in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment” (Family Ct Act § 1012 [f] [i] [B]).
In Nicholson v Scoppetta (3 NY3d 357, 368 [2004]), the Court of Appeals noted that “Family Court Act § 1012 (f) is explicit in identifying the elements that must be shown to support a finding of neglect.” “The first statutory element requires proof of actual (or imminent danger of) physical, emotional or mental impairment to the child” (id. at 369). According to the Court of Appeals, “[t]his prerequisite to a finding of neglect ensures that the Family Court . . . will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior” (id.). Imminent danger of impairment *640 to the child, according to the Court, “is an independent and separate ground on which a neglect finding may be based . . . [H]owever, [the danger of impairment] must be near or impending, not merely possible” (id. [internal quotation marks and citation omitted]).
Once actual or imminent danger to the child is established, the inquiry turns to the parent’s behavior (see id.). This requires proof of the parent’s “failure ... to exercise a minimum degree of care in providing the child with proper supervision or guardianship” (id. at 368). Minimum degree of care, as defined by the Court of Appeals, is a “baseline of proper care for children that all parents, regardless of lifestyle or social or economic position, must meet. Notably, the statutory test is ‘minimum degree of care’ — not maximum, not best, not ideal — and the failure must be actual, not threatened” (id. at 370 [citations and some internal quotation marks omitted]).
In short, in order for a criminal conviction to have collateral estoppel effect in a Family Court Act article 10 proceeding, three elements must be satisfied. The conduct of the respondent which provides the basis for the criminal action must be the same as that alleged in the abuse or neglect petition; respondent must have had a full and fair opportunity to litigate in the criminal action; and the criminal conviction must provide proof of actual or imminent danger of physical, emotional or mental impairment to the child.[3]
The conduct required to sustain a conviction of endangering the welfare of a child requires, in pertinent part, that a person knowingly act “in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old” (Penal Law § 260.10 [1] [emphasis added]). “An action that is likely to be injurious but which results in no injury” may then result in a finding of guilt in a criminal court (Elizeo C., 2007 NY Slip Op 52546[U], *3).[4] However, where there is a lack of proof of actual or imminent danger of physical, emotional or mental impairment to the child, a parent’s conviction for endangering the welfare of a child will not, in and of itself, con *641 stitute the type of crime that results in a finding of neglect or abuse under the doctrine of collateral estoppel.[5]
Turning then to whether Mr. Allen’s criminal conviction can have collateral estoppel effect in the case at bar, it is undisputed that the conduct of the respondent was the same in both the Criminal Court and Family Court matters, specifically, a November 18, 2009 domestic incident involving Mr. Allen and his then-15-year-old daughter. It is also undisputed that Mr. Allen had a full and fair opportunity to litigate the criminal matter, in that there was a nonjury trial held on July 7, 2010.[6] However, the conviction for endangering the welfare of the child does not, in and of itself, on the facts of this case, provide any evidence that the child suffered any actual harm or that she was in imminent risk of harm as a result of Mr. Allen’s actions on the evening in question.[7] Petitioner’s position that the certificate of conviction has collateral estoppel effect must fail, as it does not provide proof of actual or imminent danger of physical, emotional or mental impairment to his then-15-year-old daughter.[8]
Because the certificate of conviction does not provide any new evidence or add anything to the record, petitioner’s motion to reopen must fail on this ground.[9]
*642 Even if this court were to treat petitioner’s motion as one to vacate, and reconsider its decision pursuant to Family Court Act § 1061 and CPLR 4404, petitioner’s motion must be denied. The Fourth Department has recognized Family Court’s inherent authority to vacate a prior order in the interest of justice where there has been fraud, mistake, inadvertence, surprise or excusable neglect (see Matter of Aaron H. [Barbara H.], 72 AD3d 1602 [4th Dept 2010], lv denied 15 NY3d 704 [2010]).[10] However, on the facts in the case at bar, the court does not find any fraud, mistake, inadvertence, surprise or excusable neglect by either respondent or petitioner. Respondent did not testify in the Family Court matter nor did he admit to any criminal acts which would have contradicted his position in this matter. Further, petitioner, in its motion, does not allege any fraud, mistake, inadvertence, surprise or excusable neglect.
Based upon the foregoing, petitioner’s motion must be denied.

. In Kay, defendants moved for judgment as a matter of law pursuant to CPLR 4401 and, in response, plaintiff sought to reopen the record.

. But see Matter of Diana N., 34 AD3d 1058 (3d Dept 2006) (wherein the trial court conducted a fact-finding hearing and was held to have correctly applied the doctrine of collateral estoppel).

. Contrary to my colleague’s decision in Matter of Peterson Children, more than “at least a risk of physical or emotional harm” is necessary (185 Misc 2d 351, 352 [2000]).

. For a good analysis of this issue, see Matter of Elizeo C. (19 Misc 3d 1112[A], 2007 NY Slip Op 52546[U] [2007]).

. In Diana N. (34 AD3d 1058 [2006]). the respondent pleaded guilty to both endangering the welfare of a child and assault in the third degree. Assault in the third degree is defined as:
“A person is guilty of assault in the third degree when:
“1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or “2. He recklessly causes physical injury to another person; or
“3. With criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument” (Penal Law § 120.00).
Therefore, both elements of neglect, as defined by the Nicholson Court, had been established by the two criminal convictions.

. Although that conviction may be appealed (see respondent’s affirmation, point 13).

. This court did not find proof of any actual harm, physical or otherwise, to the children (see Matter of Allen Children [B. Allen], Fam Ct, Oswego County, Aug. 19, 2010, Seager, J.).

. The certificate of conviction might have been offered at trial as proof of Mr. Allen’s actions, but in order to establish neglect, petitioner still would have been required to establish the requisite element of harm to the child.

. It is doubtful that the doctrine of collateral estoppel can be applied where the Family Court trial was completed before the criminal case even started, since the doctrine, by its very nature, precludes a party from relitigat *642 ing in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party.

. In Aaron H., the Family Court reopened a previously dismissed neglect matter after respondent made an Alford plea in Criminal Court. The Fourth Department found fraud on the part of the respondent because the making of the plea in and of itself directly contradicted the sworn testimony the respondent had given in the Family Court trial.