In the Matter of NAJAD D., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KISWANA M., Appellant. (Proceeding No. 1.) In the Matter of NAJAF D., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent;

KISWANA M., Appellant. (Proceeding No. 2.) In the Matter of NADRA SHAWNNA D., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KISWANA M., Appellant. (Proceeding No. 3.) [951 NYS2d 747]—

The appeal from so much of the order of disposition as placed the subject children with the Commissioner of Social Services of Kings County until the next permanency hearing to be held on November 23, 2010, must be dismissed as academic, as the period of placement has already expired (*see Matter of Ifeiye O.*, 53 AD3d 501 [2008]). In addition, during the pendency of this appeal, the subject children were returned to the appellant mother. Nevertheless, the neglect findings against the appellant are not academic, since an adjudication of neglect and/or derivative neglect constitutes "a permanent and significant stigma which might indirectly affect the appellant's status in future proceedings" (*id.* at 501-502; *see Matter of Amber C.*, 38 AD3d 538, 539-540 [2007]). We conclude that the Family Court's findings of fact are supported by a preponderance of the credible evidence (*see Matter of Iouke H. [Terrence H.]*, 94 AD3d 889, 891 [2012]; *Matter of James S. [Kathleen S.]*, 88 AD3d 1006, 1007 [2011]; *Matter of Javon T.*, 64 AD3d 608, 608-609 [2009]; Family Ct Act § 1046 [b] [i]).

The parties' remaining contentions are without merit, academic, or not properly before this Court. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.