In related child protective proceedings pursuant to Family Court Act article 10, the child Nicollette B. appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Tally, J.), dated April 26, 2012, as, upon the denial of that branch of the petitioner’s motion which was for summary judgment on the petition alleging that the father neglected Nicollette B., and after a hearing, dismissed that petition.
Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the petition alleging that the father neglected Nicollette B. is reinstated, that branch of the petitioner’s motion which was for summary judgment on that petition is granted, a finding is made that the father neglected Nicollette B., and the matter is remitted to the Family Court, Queens County, for a dispositional hearing and a disposition thereafter with respect to Nicollette B.
“A determination in a criminal action may be given collateral estoppel effect in a Family Court proceeding where the identical *528 issue has been resolved, and the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct” (Matter of Javon T., 64 AD3d 608, 608 [2009] ; see Matter of Yamillette G. [Marlene M.], 74 AD3d 1066 [2010] ). Here, the petitioner, the Administration for Children’s Services (hereinafter ACS), satisfied its burden of establishing that the father’s criminal conviction was for an offense arising out of the same conduct that was alleged in the Family Court Act article 10 petition alleging that the father neglected the child Nicollette B. (see Matter of Idhailia P. [Philip S.P.], 95 AD3d 1333, 1334-1335 [2012]; Matter of Yamillette G. [Marlene M.], 74 AD3d 1066 [2010]; Matter of Javon T., 64 AD3d 608 [2009]; see also Matter of Jewelisbeth JJ. [Emmanuel KK.], 97 AD3d 887 [2012]). In opposition, the father failed to raise a triable issue of fact (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 183 [1994]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Matter of Tavianna CC. [Maceo CC.], 99 AD3d 1132, 1134 [2012]; Matter of Idhailia P. [Philip S.P.], 95 AD3d 1333 [2012]). Thus, the Family Court erred in denying that branch of ACS’s motion which was for summary judgment on the petition alleging that the father neglected Nicollette B. Accordingly, we reinstate that petition, grant that branch of the motion, make a finding that the father neglected Nicollette B., and remit the matter to the Family Court, Queens County, for a dispositional hearing and a disposition thereafter with respect to Nicollette B. Mastro, J.P., Balkin, Hall and Austin, JJ., concur.