■ In the Matter of CHRISTINA P., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EVELYN Q., Appellant, et al., Respondent. In the Matter of ANTHONY P., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EVELYN Q., Appellant, et al., Respondent. [713 NYS2d 743] —In two neglect proceedings pursuant to Family Court Act article 10, the appeals are from two fact-finding orders of the Family Court, Kings County (Adams, J.), both dated October 1, 1998, one as to each child, made after a hearing, finding that the mother had neglected her daughter Christina P. and her son Anthony P.

Ordered that the fact-finding order regarding Christina P. is affirmed, without costs or disbursements; and it is further,

Ordered that the fact-finding order regarding Anthony P. is reversed, on the facts and the law, without costs or disbursements, and the petition regarding Anthony P. is dismissed.

The determination of the Family Court that the appellant mother was guilty of neglect is supported by a preponderance of the evidence (see, Family Ct Act § 1012 [f] [i] [B]; *Matter of Nicole V.,* 71 NY2d 112, 117). "A finding of neglect * * * cannot be sustained in the absence of evidence that the parent or guardian knew or should reasonably have known that the child was in imminent danger of becoming a victim of sexual abuse * * * There must be a 'willful omission in the protection of children by individuals legally responsible for their care' " (*Matter of Sara X.,* 122 AD2d 795, 796, quoting *Matter of Ruth L.,* 126 Misc 2d 1053, 1058). The evidence adduced at the fact-finding hearing shows that over a period of several months, the appellant mother provided inappropriate sleeping arrangements for her six-year old daughter and the mother's paramour, which led to the daughter's sexual abuse. Evaluating parental behavior objectively, the mother knew or should have known that this arrangement, whereby the daughter and the paramour slept together in a bedroom and in the same bed while the mother slept on a couch in the living room, would not have been tolerated by a reasonably prudent parent (see, *Matter of Katherine C.,* 122 Misc 2d 276, 278) and thereby placed her daughter in imminent danger of sexual abuse (see, *Matter of Sara X., supra; Matter of Eddie E.,* 219 AD2d 719; cf., *Matter of Racielli C.,* 215 AD2d 477).

However, there was insufficient evidence to support a finding of derivative neglect with regard to Anthony P. (see, *Matter of Ijeoma O.,* 271 AD2d 691; *Matter of Department of Social Servs. [Doris M.] v Juana M.,* 232 AD2d 487). Florio, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.