■ In the Matter of KRYSTIN M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EUNICE M., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of BRYANA A., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EUNICE M., Appellant, et al., Respondent. (Proceeding No. 2.) [742 NYS2d 575] —In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from so much of two orders of disposition of the Family Court, Kings County (Pearce, J.), both dated March 17, 2000 (one as to each child), as, upon two fact-finding orders of the same court, both dated December 16, 1999 (one as to each child), made after a hearing, determined that she neglected her two daughters. The appeal from the orders of disposition brings up for review the fact-finding orders.

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

The evidence adduced at the fact-finding hearing established that the appellant's five-year-old daughter was sexually abused by Lemuel A., the appellant's live-in companion. Contrary to the appellant's contentions, the evidence likewise established that she neglected her children. Family Court Act § 1012 (f) (i) provides that a parent has neglected his or her child where that parent allows the child to be harmed or placed in substantial risk of harm. The parent must, by willful omission, fail to protect the child and as a consequence places the child in imminent danger of sexual abuse (*see Matter of Christina P.,* 275 AD2d 783, 784). Here, by allowing Lemuel A. to remain in the residence and have frequent unsupervised contact with the child despite her credible and ultimately proven complaints of

his abuse, the appellant "demonstrated a fundamental defect in [her] understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of [her daughter] as well" (*Matter of Jennifer G.*, 261 AD2d 823 quoting *Matter of Lynelle W.*, 177 AD2d 1008, 1009).

Based on these circumstances, the Family Court also providently exercised its discretion in finding that the mother derivatively neglected her other daughter. Santucci, J.P., S. Miller, Krausman and Goldstein, JJ., concur.