■ In the Matter of DARETH O., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DALE E., Appellant. (Proceeding No. 1.) In the Matter of DANTE E., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DALE E., Appellant. (Proceeding No. 2.) [758 NYS2d 372] —In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) two orders of disposition (one as to each child) of the Family Court, Queens County (Hunt, J.), both dated November 29, 2000, which, upon two fact-finding orders of the same court, both dated May 15, 2000, made after a fact-finding hearing, finding that she had neglected the subject children, placed the children in the custody of the Administration for Children's Services for a period of one year, and (2) an order of protection of the same court, also dated November 29, 2000, which directed her not to interfere with the care and custody of the subject children for a period of one year. The appeals bring up for review the fact-finding orders dated May 15, 2000.

Ordered that the appeals from the order of protection and those portions of the orders of disposition which placed the children in the custody of the Administration for Children's Services for one year are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

The appeals from the order of protection and those portions of the orders of disposition which placed the children in the custody of the Administration for Children's Services must be dismissed as academic because those orders expired by their own terms on November 29, 2001 (*see Matter of H. Children,* 276 AD2d 485 [2000]; *Matter of Arthur C.,* 260 AD2d 478 [1999]). Nevertheless, the adjudications of neglect constitute a permanent and significant stigma which might indirectly affect the appellant's status in any future proceedings. Therefore, the appeals from so much of the orders of disposition as determined that she neglected her children are not academic (*see Matter of H. Children, supra; Matter of Arthur C., supra*).

Contrary to the appellant mother's contention, the Family Court's finding of excessive corporal punishment is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b]; *Matter of Nicole V.,* 71 NY2d 112, 117 [1987]). The out-of-court statements of one of the children were sufficiently corroborated by the testimony of an examining physician, hospital records, and photographs showing scars and bruises, which were consistent with allegations of excessive corporal punishment inflicted by the appellant. Unrebutted evidence of excessive school absences was sufficient to establish the appellant's educational neglect (*see Matter of Fatima A.,* 276 AD2d 791 [2000]; *Matter of Heith S.,* 189 AD2d 875 [1993]).

The finding of derivative neglect as to the other child is supported by evidence indicating the appellant's lack of understanding of her parental responsibility (*see Matter of Brittney C.,* 242 AD2d 533 [1997]; *Matter of Christina Maria C.,* 89 AD2d 855 [1982]). Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.