■ In the Matter of My'Kia A., a Child Alleged to be Neglected. Westchester County Department of Social Services, Respondent; Idrissa S., Appellant. [778 NYS2d 520]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Westchester County (Cooney, J.), entered February 25, 2003, as, after a hearing, found that the subject child was neglected and directed that the child remain in the temporary custody of the father until September 13, 2003.

Ordered that the appeal from so much of the order of fact-finding and disposition as directed that the child remain in the temporary custody of the father until September 13, 2003, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of fact-finding and disposition as directed that the child remain in the temporary custody of the father until September 13, 2003, must be dismissed as academic because that portion of the order expired by its own terms (*see Matter of Dareth O.,* 304 AD2d 667, 668 [2003]; *Matter of H. Children,* 276 AD2d 485, 486 [2000]). Nevertheless, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the appellant's status in any future proceedings. Accordingly, the appeal from so much of the order of fact-finding and disposition as determined that the mother neglected the subject child is not academic (*see Matter of Dareth O., supra; Matter of H. Children, supra*).

Contrary to the mother's contention, the Family Court's finding of neglect was supported by a preponderance of the credible evidence. It was demonstrated that the child was not attending school, and the mother offered no evidence that the child was receiving the required instruction elsewhere (*see Matter of Fatima A.,* 276 AD2d 791 [2000]; *Matter of Heith S.,* 189 AD2d 875, 876 [1993]). Furthermore, evidence of the mother's mental condition, coupled with her refusal to undergo the recommended medical treatment, warranted the Family Court's finding of neglect (*see Matter of Caress S.,* 250 AD2d 490 [1998]; *Matter of Zariyasta S.,* 158 AD2d 45, 48 [1990]; *Matter of Danielle M.,* 151 AD2d 240, 243 [1989]).

The mother's remaining contentions either are unpreserved for appellate review or without merit. Altman, J.P., Smith, Krausman and Skelos, JJ., concur.