■ In the Matter of ALEXIS C., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VALERIE C., Appellant. (Proceeding No. 1.) In the Matter of CHEYENNE C., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VALERIE C., Appellant. (Proceeding No. 2.) In the Matter of JUSTIN N., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VALERIE C., Appellant. (Proceeding No. 3.) [811 NYS2d 449]—

In three related child protective proceedings pursuant to Family Court Act article 10, Valerie C. appeals, as limited by her brief, from so much of (1) a fact-finding order of the Family Court, Queens County (Salinitro, J.), dated June 4, 2004, as, after a hearing, found that she neglected the child Alexis C. and derivatively neglected the children Cheyenne C. and Justin N., and (2) an order of disposition of the same court dated September 27, 2004, as released the children to her with supervision by the petitioner for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superceded by the order of disposition dated September 27, 2004; and it is further,

Ordered that the appeal from so much of the order of disposition as released the children to the appellant with supervision by the petitioner for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as released the children to the appellant with supervision by the petitioner must be dismissed as academic, as the period of supervision has already expired (see Matter of My'Kia A., 8 AD3d 481 [2004]; Matter of Desiree C., 7 AD3d 522 [2004]; Matter of Dareth O., 304 AD2d 667, 668 [2003]). However, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the appellant's status in future proceedings. Therefore, the appeal from the portion of the order of disposition which brings up for review the findings of neglect and derivative neglect in the fact-finding order is not academic (see Matter of My'Kia A., supra; Matter of Dareth O., supra).

The findings of the Family Court that the appellant was guilty of neglect and derivative neglect is supported by a preponderance of the evidence (see Family Ct Act § 1012 [f] [i]; § 1046 [b] [i]; Matter of Krystin M., 294 AD2d 577 [2002]). "[A] parent has neglected his or her child where that parent allows the child to be harmed or placed in substantial risk of harm. The parent must, by willful omission, fail to protect the child and as a consequence places the child in imminent danger of sexual abuse" (Matter of Krystin M., supra at 577; see Matter of Jasmine B., 4 AD3d 353 [2004]; Matter of Christina P., 275 AD2d 783, 784 [2000]).

The evidence adduced at a fact-finding hearing shows that the appellant's then nine-year-old daughter told her about an incident of sexual abuse. The incident had taken place the previous day, and involved the appellant's fiancé who was living in the house. The appellant did not believe her daughter and allowed her fiancé to continue residing in the house. The appellant admitted that she did nothing further. Under the circumstances, a reasonably prudent parent would have taken additional steps to protect the child from risk of further harm. By allowing her fiancé to remain in the home and by taking no further action, the appellant was neglectful and by reason thereof also derivatively neglectful of her two other children (*see Matter of Jasmine B., supra; Matter of Krystin M., supra; see also Matter of Ivette R.,* 282 AD2d 751 [2001]*; Matter of Christina P., supra; Matter of Jennifer G.,* 261 AD2d 823 [1999]). Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.