In the Matter of DAQWUAN G., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DANETTE E., Appellant. (Proceeding No. 1.) In the Matter of TAHJAE G., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DANETTE E., Appellant. (Proceeding No. 2.) [814 NYS2d 723]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) a fact-finding order of the Family Court, Kings County (Hamill, J.), dated February 7, 2005, which, after a hearing, found that she had abused the child Tahjae G. and derivatively neglected the child Daqwuan G., and (2) an order of disposition of the same court dated April 22, 2005, which released the children to her with supervision by the petitioner for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as released the children to the appellant with supervision by the petitioner for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as released the children to the appellant with supervision by the petitioner for a period of 12 months must be dismissed as academic, as the period of supervision has already expired (*see Matter of My'Kia A.*, 8 AD3d 481 [2004]; *Matter of Desiree C.*, 7 AD3d 522 [2004]; *Matter of Dareth O.*, 304 AD2d 667, 668 [2003]). However, the adjudication of abuse and derivative neglect constitutes a permanent and significant stigma which might indirectly affect the appellant's status in future proceedings. Therefore, the appeal from the portion of the order of disposition which brings up for review the findings of abuse and derivative neglect in the fact-finding order is not academic (*see Matter of My'Kia A., supra; Matter of Dareth O., supra*).

The petitioner established by a preponderance of the evidence that the appellant either inflicted physical injury upon her son Tahjae G., or allowed such injury to be inflicted upon him, by other than accidental means, and that the injury was of the type and severity contemplated by Family Court Act § 1012 (e) (*see* Family Ct Act § 1012 [e] [i]; § 1046 [b] [i]). Specifically, the petitioner established through competent evidence that Tahjae— who was then 17 months old—presented at Brookdale Hospital with abrasions on the tip of his nose and his upper lip, abdominal bruises, a facial bruise, multiple bruises along his spine and back, multiple chest bruises, four rib fractures, and a hematoma of the right adrenal gland. The petitioner further established that many of those injuries were "of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of [the] child" (Family Ct Act § 1046 [a] [ii]), and that the injuries occurred while Tahjae was under the mother's care (*see Matter of Philip M.*, 82 NY2d 238 [1993]; *Matter of Jesus M.*, 20 AD3d 479, 480 [2005]; *Matter of Angelique M.*, 10 AD3d 659 [2004]). Moreover, the record amply supports the Family Court's finding that the mother's explanations for Tahjae's injuries were contradictory, implausible, or otherwise unreasonable or

lacking in credibility (*see Matter of Aniyah F.*, 13 AD3d 529, 530-531 [2004]; *Matter of Peter R.*, 8 AD3d 576, 579-580 [2004]; *Matter of Brandon C.*, 247 AD2d 380, 381 [1998]; *Matter of Dutchess County Dept of Social Servs.* [*Noreen K.*], 242 AD2d 533, 534 [1997]). The petitioner also established by a preponderance of the evidence that the mother derivatively neglected her other child, Daqwuan G. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Ramsay M.*, 17 AD3d 678 [2005]).

There is no merit to the mother's contention that reversal is required because the petitioner's medical expert was permitted to testify about Tahjae's rib fractures on the basis of X rays that the petitioner never introduced into evidence. The mother's own medical expert corroborated the existence of Tahjae's many injuries, including two acute and two healing rib fractures, based on his own review of Tahjae's hospital records.

The mother's remaining contention is without merit (*cf. Matter of Diane P.*, 110 AD2d 354 [1985]). Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.