■ In the Matter of TOMIEKE Y., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LORI A.B., Appellant. (Proceeding No. 1.) In the Matter of MARQUISE G., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LORI A.B., Appellant. (Proceeding No. 2.) In the Matter of MARVIN G., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LORI A.B., Appellant. (Proceeding No. 3.) [821 NYS2d 652]—

In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), entered March 18, 2005, which, after fact-finding and dispositional hearings, found that she had neglected the children Tomieke Y., Marquise G., and Marvin G., and directed that the child Tomieke Y. continue in his current foster care placement and that the children Marquise G. and Marvin G. remain in the care and custody of the Department of Social Services until January 1, 2006.

Ordered that the appeal from so much of the order of fact-finding and disposition as directed that the child Tomieke Y. continue in his current foster care placement and that the children Marquise G. and Marvin G. remain in the care and custody of the Department of Social Services until January 1, 2006, is dismissed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is reversed insofar as reviewed, on the law, without costs or disbursements, and the petitions are denied and the proceedings are dismissed.

The appeal from so much of the order of fact-finding and disposition as directed that Tomieke Y. continue in his current foster care placement and that Marquise G. and Marvin G. remain in the care and custody of the Department of Social Services until January 1, 2006, must be dismissed as academic since the order of fact-finding and disposition expired by its own terms (*see Matter of Maxwell B.*, 269 AD2d 444, 444-445 [2000]; *Matter of Arthur C.*, 260 AD2d 478, 479 [1999]).

Since the prior adjudication of neglect "constitutes a permanent and significant stigma which might indirectly affect the [mother's] status in future proceedings" (*Matter of Daqwuan G.*, 29 AD3d 694 [2006]), her appeal from that portion of the order of fact-finding and disposition which brings up for review the underlying finding of neglect is not academic (*see Matter of Daqwuan G., supra; Matter of Department of Social Servs. v Juana M.*, 232 AD2d 487 [1996]).

On this record, we find that the testimony adduced at the fact-finding hearing was insufficient to support, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b]), the Family Court's findings that the mother neglected the subject children. To the contrary, the petitioner's own caseworker testified that the subject children lived in a well maintained home with ample food, were generally healthy and well nourished, had excellent school attendance records, had no behavioral or disciplinary problems, and performed very well in school.

The Family Court's finding of "mental illness" was based exclusively on the caseworker's opinion that the "mother's mental instability makes her unable to care for the children." Such conclusory testimony not only lacked a sufficient factual basis in the record, but was directly refuted by the caseworker's own assessment of the children's health and general well-being while in the mother's care.

Accordingly, the petitions should be denied and the proceedings dismissed. Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.