In the Matter of SELENA J., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANCILLA J., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of REANNA J., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANCILLA J., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of TIFFANY J., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANCILLA J., Appellant, et al., Respondent. (Proceeding No. 3.) [825 NYS2d 749]—

In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Richardson, J.), dated March 17, 2005, which, upon a fact-finding order of the same court also dated March 17, 2005 made after a hearing, finding that a relative, Hewlit W., sexually abused her daughter Selena J. and derivatively abused her daughters Reanna J. and Tiffany J., and that she neglected her daughters Selena J., Reanna J., and Tiffany J., among other things, released the children to her custody with 12 months' supervision by the Administration for Children's Services. The notice of appeal from the fact-finding order is deemed to be a notice of appeal from the order of disposition (see CPLR 5512 [a]). The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeal from so much of the order of disposition as released the children to the mother's custody with 12 months' supervision by the Administration for Children's Services is dismissed as academic; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The petitioner established by a preponderance of the evidence

that the appellant's then 14-year-old daughter was sexually abused by Hewlit W., a cousin of the subject children's deceased father (*see* Family Ct Act § 1012 [e] [iii]; Penal Law § 130.00 [3]; § 130.65 [3]; *People v Watson,* 281 AD2d 691 [2001]; *People v Felton,* 145 AD2d 969 [1988]). Contrary to the appellant's contention, the findings of the Family Court that she was guilty of neglect are also supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i]; § 1046 [b] [i]; *Matter of Bryana A.,* 294 AD2d 577). "[A] parent has neglected his or her child where that parent allows the child to be harmed or placed in substantial risk of harm. The parent must, by willful omission, fail to protect the child and as a consequence places the child in imminent danger of sexual abuse" (*Matter of Bryana A., supra* at 577; *see Matter of Alexis C.,* 27 AD3d 646, 647 [2006]; *Matter of Jasmine B.,* 4 AD3d 353 [2004]; *Matter of Christina P.,* 275 AD2d 783, 784 [2000]). The evidence adduced at the fact-finding hearing established that after learning from an agency counselor in the fall of 2002 that Hewlit W. had touched her daughter's buttocks, the appellant refused to believe the child and continued to allow Hewlit W. access to the home (*see Matter of Jennifer G.,* 261 AD2d 823 [1999]). Even after she learned in December 2002 that Hewlit W. had sexually abused her oldest daughter, the mother still allowed Hewlit W. access to the home. Under the circumstances, a reasonably prudent parent would have taken additional steps to protect the children from risk of further harm. By continuing to allow Hewlit W. access to the residence, the mother "demonstrated a fundamental defect in [her] understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of the [subject children]" (*Matter of Lynelle W.,* 177 AD2d 1008, 1009 [1991]; *see Matter of Bryana M., supra* at 578).

The appellant's remaining contentions are without merit. Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.