■ In the Matter of JASON S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JENNIFER S., Appellant, et al., Respondent. [826 NYS2d 744]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Freeman, J.), dated October 17, 2005, which, upon a fact-finding order dated June 1, 2005, made after a hearing, finding that she abused the subject child, placed the subject child in the custody of the Commissioner of Social Services for a period of 12 months. The appeal brings up for review the fact-finding order dated June 1, 2005.

Ordered that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services for a period of 12 months must be dismissed as academic, as that period has already expired (see *Matter of My'Kia A.,* 8 AD3d 481 [2004]; *Matter of Desiree C.,* 7 AD3d 522 [2004]; *Matter of Dareth O.,* 304 AD2d 667, 668 [2003]). However, the adjudication of abuse constitutes a permanent and significant stigma which might indirectly affect the appellant's status in future proceedings. Therefore, the appeal from the portion of the order of disposition which brings up for review the finding of abuse in the fact-finding order is not academic (see *Matter of My'Kia A., supra; Matter of Dareth O., supra*).

Family Court Act § 1046 (a) (ii) provides that a prima facie case of child abuse or neglect may be established by evidence of

an injury which ordinarily would not occur absent an act or omission of the parent, and which occurs at a time when the parent was the caretaker of the child (*see Matter of Philip M.,* 82 NY2d 238, 243 [1993]; *Matter of Aniyah F.,* 13 AD3d 529, 530 [2004]). Once a prima facie case is established, the parent may then offer a satisfactory explanation for the injuries (*see Matter of Philip M., supra* at 244).

The petitioner established through competent medical testimony that the child, then 33 days old, presented at the hospital with an evulsion laceration at the base of his nose, and was later diagnosed with 10- to 14-day-old wrist fractures of his radius and ulna bones. The mother failed to provide a satisfactory explanation for the child's facial injury and provided no explanation for the child's wrist fractures (*see Matter of Daqwuan G.,* 29 AD3d 694 [2006]). Taken as a whole, the evidence was more than sufficient to sustain the allegations of abuse against the mother.

The mother's remaining contention is unpreserved for appellate review, and in any event, is without merit. Mastro, J.P., Florio, Fisher and Dillon, JJ., concur.