■ In the Matter of PATRICIA B., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MONA H., Appellant. (Proceeding No. 1.) In the Matter of SHONTA S., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MONA H., Appellant. (Proceeding No. 2.) In the Matter of DAVID S., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MONA H., Appellant. (Proceeding No. 3.) In the Matter of JOSHUA G., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MONA H., Appellant. (Proceeding No. 4.) [877 NYS2d 219]—

In four related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an amended order of disposition of the Family Court, Nassau County (Marks, J.), dated May 24, 2007, as, upon a fact-finding order of the same court (Zimmerman, J.) dated

February 21, 2007, finding that the mother had neglected the children, adjudicated that she neglected the children, granted a final order of supervision, and directed that the mother shall not permit the children to be in the presence of their relative Prince B. at any time except for therapeutic counseling. The appeal from the amended order of disposition brings up for review the fact-finding order.

Ordered that the amended order of disposition is modified, on the law, by adding a provision thereto directing that the duration of the final order of supervision and the order of protection shall be limited to one year, unless extended upon a hearing and for good cause shown; as so modified, the amended order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The determination of the Family Court that the mother neglected the subject children was supported by a preponderance of evidence (see Family Ct Act § 1012 [f]; § 1046 [b] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]). "[A] parent has neglected his or her child where that parent allows the child to be harmed or placed in substantial risk of harm. The parent must, by willful omission, fail to protect the child and as a consequence places the child in imminent danger of sexual abuse" (*Matter of Krystin M.*, 294 AD2d 577, 577 [2002]; see *Matter of Christina P.*, 275 AD2d 783, 784 [2000]).

The nonhearsay evidence adduced at the fact-finding hearing established that the mother was aware of a prior sexual assault committed by one of her sons against one of the children. By allowing that son to live in the family home with the children, the mother "demonstrated a fundamental defect in [her] understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of the [children]" (*Matter of Selena J.*, 35 AD3d 610, 611 [2006]; see *Matter of Alexis C.*, 27 AD3d 646, 647-648 [2006]; *Matter of Krystin M.*, 294 AD2d 577, 578 [2002]).

However, the Family Court erred in failing to place a time limit on the supervision imposed in the amended order of disposition. Family Court Act § 1057 provides, among other things, that the duration of such supervision "shall be for an initial period of no more than one year and the court may at the expiration of that period, upon a hearing and for good cause shown, make successive extensions of such supervision of up to one year each." Furthermore, "under the plain language of Family Court Act § 1056 (1) and (4), it is only where the person is not a relative, 'by blood or marriage,' and is not a member of the

child's household at the time of the disposition that the duration of an order of protection may extend to the child's 18th birthday" (*Matter of Andrew Y.*, 44 AD3d 1063, 1064 [2007]; *see Matter of Sheena D.*, 8 NY3d 136 [2007]; *Matter of Collin H.*, 28 AD3d 806, 809-810 [2006]). Accordingly, we modify the amended order of disposition to the extent of limiting the period of supervision to one year, unless extended upon a hearing and for good cause shown (*see Matter of Amanda SS.*, 284 AD2d 588, 589 [2001]; *Matter of Michael S.*, 175 AD2d 837, 838 [1991]). Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.