Matter of Grace E.-J. v Robert J.-R. (2018 NY Slip Op 01118)





Matter of Grace E.-J. v Robert J.-R.


2018 NY Slip Op 01118


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


5639

[*1]In re Grace E.-J., Petitioner-Respondent, 
v
Robert J.-R., Respondent-Appellant.


Law Office of Bruce A. Young, New York (Bruce A. Young of counsel), for appellant.
Larry S. Bachner, New York, for respondent.
Karen Freedman, Lawyer's for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Carol Goldstein, J.), entered on or about December 20, 2016, which, to the extent appealed from as limited by the briefs, denied respondent father's motion to hold petitioner mother in civil contempt for violating a temporary visitation order, unanimously dismissed, without costs, as moot.
This appeal by respondent father is moot because the temporary visitation order expired on its own terms. The mother's custody petition from which the temporary visitation order and contempt motion flowed was dismissed by the same order appealed. The exception to the mootness doctrine does not apply here because the denial of the motion, seeking to hold the mother in contempt for a violation of a temporary order of visitation, does not "stand[] as a permanent stigma that may impact [the father's] standing in any future proceedings" (Matter of Joshua Hezekiah B [Edgar B.], 77 AD3d 441, 442 [1st Dept 2010], lv denied 15 NY3d 716 [2010]; see also Matter of Daqwuan G., 29 AD3d 694, 695 [1st Dept 2006]). On the contrary, there is nothing to prevent the father from testifying at a hearing, on his pending custody petition, about the mother's failure to abide by the court's temporary order of visitation and the impact it had upon his relationship with the child, or from moving for contempt if she is violating the final order of visitation. As such, there may still be serious consequences to the mother for her repeated and blatant disregard of the court's order.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK