Matter of Jose E. (Jose M.) (2019 NY Slip Op 07778)





Matter of Jose E. (Jose M.)


2019 NY Slip Op 07778


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2018-08468
2018-08470
 (Docket Nos. N-17442-13, N-17443-13, N-17444-13, N-11552-14)

[*1]In the Matter of Jose E. (Anonymous), Jr. Administration for Children's Services, respondent; Jose M. (Anonymous), et al., appellants. (Proceeding No. 1.)
In the Matter of Jada E. (Anonymous). Administration for Children's Services, respondent; Jose M. (Anonymous), et al., appellants. (Proceeding No. 2.)
In the Matter of Victoria O. (Anonymous). Administration for Children's Services, respondent; Jose M. (Anonymous), et al., appellants. (Proceeding No. 3.)
In the Matter of Comanche L. (Anonymous). Administration for Children's Services, respondent; Jose M. (Anonymous), et al., appellants. (Proceeding No. 4.)


Tennille M. Tatum-Evans, New York, NY, for appellant Jose M.
Joel Borenstein, Brooklyn, NY, for appellant Carmen N.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Scott Shorr and John Moore of counsel), for respondent.
Daniel P. Moskowitz, Jamaica, NY, attorney for the children Jose E., Jada E. and Comanche L.
Janet E. Sabel, New York, NY (Dawbe A. Mitchell and Judith Stern of counsel), attorney for the child Victoria O.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Jose M. and Carmen N. separately appeal from (1) an order of the Family Court, Kings County (Alan Beckoff, J.), dated July 20, 2016, and (2) an order of the same court dated July 6, 2018. The order dated July 20, 2016, after a fact-finding hearing, found that Jose M. sexually abused and neglected the child Victoria O., [*2]and derivatively neglected the children Jose E. and Jada E., and that Carmen N. neglected Victoria O., and derivatively neglected Jose E. and Jada E. The order dated July 6, 2018, after a fact-finding hearing, found that Jose M. and Carmen N. derivatively neglected the child Comanche L.
ORDERED that the order dated July 20, 2016 is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated July 6, 2018 is affirmed, without costs or disbursements.
In 2013, Carmen N. resided in a one-bedroom apartment with her three children Victoria O., Jose E., and Jada E., as well as the maternal grandfather, and Jose M., who was Carmen N.'s long-term boyfriend. In June 2013, the Administration for Children's Services (hereinafter ACS) commenced three related proceedings pursuant to Family Court Act article 10, alleging that Jose M., a person legally responsible for the subject children, sexually abused Victoria O., that Carmen N. neglected Victoria O., and that Jose M. and Carmen N. derivatively neglected Jose E. and Jada E. In May 2014, following the birth of Comanche L., ACS filed a petition against Jose M. and Carmen N., the parents of Comanche L., alleging that they derivatively neglected Comanche L.
Following a fact-finding hearing, in an order dated July 20, 2016, the Family Court found that Jose M. sexually abused Victoria O., that Carmen N. neglected Victoria O., and that Jose M. and Carmen N. derivatively neglected Jose M.E. and Jada E. In an order dated July 6, 2018, the Family Court found that Jose M. and Carmen N. derivatively neglected Comanche L. Jose M. and Carmen N. separately appeal from both orders.
"At a fact-finding hearing, any determination that a child is an abused or neglected child must be based on a preponderance of the evidence" (Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857; see Family Ct Act § 1046[b][I]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868).
Here, ACS established by a preponderance of the evidence that Jose M. sexually abused Victoria O. (see Family Ct Act §§ 1012[e][iii]; 1046[b][I]; Matter of M.W. [Mohammad W.], 172 AD3d 879, 881; Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 784). Victoria O.'s testimony as to multiple instances of such abuse was sufficient to support a finding of abuse (see Matter of D.S. [Shaqueina W.], 147 AD3d at 858). In addition, the evidence that Jose M. pleaded guilty in a criminal proceeding to endangering the welfare of Victoria O., together with the testimony of the ACS caseworker and Carmen N. regarding certain out-of-court statements made by Victoria O. regarding the abuse, were also sufficient to support a finding of abuse (see Matter of Anthony G. [Jose G.-G.], 147 AD3d 829, 830; Matter of Kyle D. [Dwayne D.], 138 AD3d 835, 835-836). Contrary to the contentions of Jose M. and Carmen N., any inconsistencies in the testimony presented by ACS did not render such testimony unworthy of belief (see Matter of Mayra C. [Adan C.], 163 AD3d 808, 810; Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1178; Matter of Brianna M. [Conbert G.], 152 AD3d 600, 601). Furthermore, Jose M.'s sexual abuse of Victoria O. supports a finding that he derivatively neglected Jose M.E., Jada E., and Comanche L., since his conduct demonstrated a fundamental defect in his understanding of the duties of parenthood so as to create a substantial risk of harm to any child in his care (see Matter of Naphtali A. [Winifred A.], 165 AD3d at 784; Matter of Kristina I. [Al Quran F.], 163 AD3d 565, 567; Matter of Anthony G. [Jose G.-G.], 147 AD3d at 830).
ACS also established by a preponderance of the evidence that Carmen N. neglected Victoria O. based on inadequate supervision or guardianship (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The testimony presented at the fact-finding hearing established that although Carmen N. made Jose M. leave the family home immediately after Victoria O. reported the abuse to her, Carmen N. allowed Jose M. to return a few days later. By allowing Jose M. to continue residing in the home with Victoria O., Carmen N. failed to protect Victoria O. and placed Victoria O. at [*3]substantial risk of harm (see Matter of Patricia B., 61 AD3d 861, 862; Matter of Derrick C., 52 AD3d 1325, 1326; Matter of Selena J., 35 AD3d 610, 611; Matter of Alexis C., 27 AD3d 646, 647-648). Moreover, Carmen N.'s neglect of Victoria O. evinced a flawed understanding of her duties as a parent and a lack of parental judgment sufficient to support the Family Court's finding that she derivatively neglected Jose M.E., Jada E., and Comanche L. (see Matter of Sarah C. [Caroline C.], 132 AD3d 862, 862-863; Matter of Monique M. [Georgette S.], 110 AD3d 814, 815; Matter of Alexis C., 27 AD3d at 648).
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court