Matter of Serina M. (Edward M.) (2020 NY Slip Op 00416)





Matter of Serina M. (Edward M.)


2020 NY Slip Op 00416


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2018-10310
 (Docket Nos. N-30473/15, N-30474-4/15)

[*1]In the Matter of Serina M. (Anonymous). Administration for Children's Services, respondent; Edward M. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Samuel M. (Anonymous). Administration for Children's Services, respondent; Edward M. (Anonymous), appellant. (Proceeding No. 2.)


Michael A. Fietcher, Bellmore, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Jamison Davies of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated July 31, 2018. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated November 29, 2017, and upon a decision of the same court also dated July 31, 2018, made after a hearing, in effect, granted those branches of the petitions which were for a finding that the father derivatively neglected and/or abused the children Serina M. and Samuel M. based on his sexual abuse of the child Ariana M.
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging that the father abused the child Ariana M., and thereby derivatively neglected and/or abused her half-siblings, the children Serina M. and Samuel M., and also directly neglected the children Serina M. and Samuel M. After a fact-finding hearing, the Family Court found that the father had abused Ariana M. and derivatively neglected Serina M. and Samuel M. The court further found that the father directly neglected Serina M. and Samuel M. based on his untreated mental illness, his threat to use domestic violence against them, and his use of domestic violence against the maternal grandmother and the mother. The father appeals. The issues relating to Serina M. and Samuel M. raised by the father on his appeal from the [*2]order of fact-finding (see Matter of Ariana M., ___AD3d___ [decided herewith]) are brought up for review and have been considered on his appeal from the order of disposition dated July 31, 2018.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Desiree P. [Michael H.], 149 AD3d 841). A neglected child is a child less than 18 years old "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care" by, inter alia, "unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012[f][i]). In order for danger to be "imminent," it must be "near or impending, not merely possible" (Nicholson v Scoppetta, 3 NY3d 357, 369).
Here, as discussed in our decision and order on the related appeal from the order of disposition dated March 9, 2018 (see Matter of Ariana M., ___AD3d___), the evidence adduced at the fact-finding hearing was sufficient to prove, by a preponderance of the evidence, that the father sexually abused the child Ariana M. (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]; Matter of Brianna M. [Corbert G.], 152 AD3d 600; Matter of Desiree P. [Michael H.], 149 AD3d 841). We agree with the Family Court's determination, in effect, granting those branches of the petitions which were for a finding that the father derivatively neglected and/or abused Serina M. and Samuel M. The evidence of the father's sexual abuse of Ariana M. demonstrated a fundamental defect in his understanding of the duties of parenthood (see Matter of Sarah C. [Caroline C.], 132 AD3d 862; Matter of Alexis C., 27 AD3d 646; see generally Matter of Hope P. [Stephanie B.], 149 AD3d 947, 947).
We disagree with the father's contentions challenging the Family Court's findings that he abused Ariana M. and thereby derivatively neglected Serina M. and Samuel M. based on the fact that Ariana M. was permitted to testify via Skype and based on certain evidentiary determinations by the court. As discussed in our decision and order on the related appeal (see Matter of Ariana M., ___AD3d___), the court did not violate the father's Sixth Amendment right of confrontation by permitting Ariana M. to testify via Skype.
We agree with the father that the evidence adduced at the fact-finding hearing was not sufficient to prove, by a preponderance of the evidence, the father's neglect of Serina M. and Samuel M. based on his alleged threat to use domestic violence against them (cf. Matter of Daniel X. [Monica X.], 114 AD3d 1059). The mother testified that in a phone call she had with the father while the children were in his control during parental access, the father threatened to snap the children's necks if the mother did not answer certain questions. She further testified that the father then sent her photos of the children, with text messages that she believed to be threatening. However, the father denied making this threat, and the photographs, which depict the children sleeping, and the accompanying text messages, supported the father's testimony that he was merely informing the mother that he was able to get the children down for their naps. While great deference is to be accorded to the hearing court's credibility determinations, we nevertheless are free to make our own assessment of credibility (see Matter of New York City Dept. of Social Servs. v Carmen J., 209 AD2d 525, 527). We find that the record does not support a finding that the father "unreasonably inflict[ed] or allow[ed] to be inflicted harm, or a substantial risk thereof" upon the children based on this incident (Family Ct Act § 1012[f][i]).
We also agree with the father that the Family Court should not have determined that the father neglected Serina M. and Samuel M. by committing acts of domestic violence against the maternal grandmother and the mother in the children's presence. The record established that the father's physical abuse of the mother occurred before Serina M. and Samuel M. were born. Moreover, there was insufficient evidence to reflect that their physical, emotional, or mental condition was impaired or placed in imminent danger of impairment by any verbal altercation between the father and the grandmother that occurred in their presence (see Matter of Todd D., 9 AD3d 462).
However, we agree with the Family Court's finding that the father neglected Serina M. and Samuel M. based on his untreated mental illness. ACS's expert in clinical psychology, who interviewed the father, testified, inter alia, that the father suffered from both post-traumatic stress disorder and depression, and that the father's poor judgment, propensity for aggression, and untreated symptoms of depression and post-traumatic stress disorder created potential risks. This evidence was sufficient to establish that the father's untreated mental illness placed the children at imminent risk of harm (see Nicholson v Scoppetta, 3 NY3d at 369; Matter of Yu F. [Fen W.], 122 AD3d 761; Matter of Isaiah M. [Antoya M.], 96 AD3d 516).
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court