Matter of Malik M. (Taishona M.) (2025 NY Slip Op 01810)

Matter of Malik M. (Taishona M.)

2025 NY Slip Op 01810

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-02061
2024-02063
 (Docket Nos. N-4153-20, N-4154-20, N-4155-20, N-4156-20)

[*1]In the Matter of Malik M. (Anonymous). Administration for Children's Services, petitioner- respondent; Taishona M. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Jamyah M. (Anonymous). Administration for Children's Services, petitioner- respondent; Taishona M. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Clarity H. M. (Anonymous). Administration for Children's Services, petitioner- respondent; Taishona M. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)
In the Matter of Kira M. H. (Anonymous). Administration for Children's Services, petitioner- respondent; Taishona M. (Anonymous), appellant, et al., respondent. (Proceeding No. 4.)

Fariah Amin, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Amy McCamphill of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (John A. Newbery of counsel), attorney for the children Malik M. and Jamyah M.
Angella S. Hull, Jamaica, NY, attorney for the child Clarity H. M.
Chinyere U. Eze-Nliam, Jamaica, NY, attorney for the child Kira M. H.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals [*2]from (1) an order of fact-finding of the Family Court, Queens County (Elenor Reid-Cherry, J.), dated December 22, 2023, and (2) an amended order of fact-finding of the same court dated February 29, 2024. The amended order of fact-finding, insofar as appealed from, after a fact-finding hearing, upon a finding that the respondent Gary H. sexually abused the child Jamyah M., found that the mother neglected the children Jamyah M. and Malik M., and derivatively neglected the children Clarity H. M. and Kira M. H.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the amended order of-fact-finding; and it is further,
ORDERED that the amended order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject children by failing to provide proper supervision or guardianship "by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (id. § 1012[f][1][b]). ACS alleged, among other things, that the mother was aware that the respondent Gary H., the biological father of two of the children, had sexually abused the child Jamyah M. and that the mother failed to protect that child; that the mother knew that Gary H. was inflicting excessive corporal punishment on Jamyah M. and the child Malik M., yet the mother failed to take any steps to protect those children; and that the mother was aware that the children knew of repeated domestic violence against her by Gary H., yet allowed him to return to her home several times. In an amended order of fact-finding dated February 29, 2024, the Family Court, after a fact-finding hearing, found, inter alia, that Gary H. sexually abused Jamyah M., that the mother neglected Jamyah M. and Malik M., and that the mother derivatively neglected the children Clarity H. M. and Kira M. H. The mother appeals.
"In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected" (Matter of Shayla G. [Lakisha C.], 233 AD3d 682, 684; see Family Ct Act § 1046[b][i]; Matter of Andrew M. [Brenda M.], 225 AD3d 764, 765). "'To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Shayla G. [Lakisha C.], 233 AD3d at 684 [internal quotation marks omitted], quoting Matter of Veronica M. [Ana M.], 229 AD3d 626, 627; see Matter of Andrew M. [Brenda M.], 225 AD3d at 765; Matter of Chloe P.-M. [Martinique P.], 220 AD3d 783, 784).
"A parent has neglected his or her child where that parent . . . , by willful omission, fail[s] to protect the child and as a consequence places the child in imminent danger of sexual abuse" (Matter of Patricia B., 61 AD3d 861, 862 [internal quotation marks omitted]; see Matter of Sama A. [Safaa S.], 224 AD3d 677, 679; Matter of Jose E. [Jose M.], 176 AD3d 1201, 1203). Moreover, "neglect might be found where a record establishes that . . . the mother acknowledged that the children knew of repeated domestic violence by her paramour and had reason to be afraid of him, yet nonetheless allowed him several times to return to her home, and lacked awareness of any impact of the violence on the children" (Nicholson v Scoppetta, 3 NY3d 357, 371; see Matter of Bronx S. [Denzel J.], 217 AD3d 956, 957; Matter of Christopher D.B. [Lorraine H.], 157 AD3d 944, 948). Further, "[a]lthough parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Veronica M. [Ana M.], 229 AD3d at 627; see Matter of Sama A. [Safaa S.], 224 AD3d at 679; Matter of Raveena B. [Khrisend R.], 209 AD3d 640, 641). "Proof that a respondent neglected one child is admissible on the issue of neglect of any other child of the respondent" (Matter of Veronica M. [Ana M.], 229 AD3d at 627; see Family Ct Act § 1046[a][i]).
"'In a child protective proceeding, a child's prior out-of-court statements relating to [*3]the alleged neglect may serve as the basis for a finding of neglect provided that these hearsay statements are corroborated, so as to ensure their reliability'" (Matter of Veronica M. [Ana M.], 229 AD3d at 628 [internal quotation marks omitted], quoting Matter of David B. [Stacy T.], 171 AD3d 1041, 1042; see Matter of Tazya B. [Curtis B.], 180 AD3d 1039, 1040; Matter of Alexis S. [Edward S.], 115 AD3d 866, 866). "The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration" (Matter of Veronica M. [Ana M.], 229 AD3d at 628; see Matter of David B. [Stacy T.], 171 AD3d at 1042; Matter of Alexis S. [Edward S.], 115 AD3d at 866). "Validation testimony from an expert that the child's psychological and behavioral characteristics lead the expert to conclude that the child was sexually abused may supply the corroboration of the child's out-of-court statements necessary to make out a prima facie case of sexual abuse" (Matter of Alexis S. [Edward S.], 115 AD3d at 867; see Matter of Zamir F. [Ricardo B.], 193 AD3d 932, 933; Matter of Tazya B. [Curtis B.], 180 AD3d at 1040). "The Family Court has considerable discretion in deciding whether a child's out-of-court statements alleging incidents of abuse have been reliably corroborated" (Matter of Zamir F. [Ricardo B.], 193 AD3d at 933 [internal quotation marks omitted]; see Matter of Tazya B. [Curtis B.], 180 AD3d at 1040; Matter of Alexis S. [Edward S.], 115 AD3d at 867). "'Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor'" (Matter of Shayla G. [Lakisha C.], 233 AD3d at 684 [internal quotation marks omitted], quoting Matter of Ashlyn M. [Robert J.], 228 AD3d 939, 941; see Matter of Alexis S. [Edward S.], 115 AD3d at 867).
Here, the testimony of ACS's validating expert witness (see Matter of Alexis S. [Edward S.], 115 AD3d at 866; Matter of Emani W. [Owana E.], 107 AD3d 815, 816) provided sufficient corroboration of Jamyah M.'s numerous and consistent out-of-court statements regarding Gary H.'s sexual abuse of her. Those statements, together with the testimony of ACS's caseworker, established by a preponderance of the evidence that Gary H. sexually abused Jamyah M. (see Family Ct Act § 1046[a][vi]; Matter of Zamir F. [Ricardo B.], 193 AD3d at 933; Matter of Tazya B. [Curtis B.], 180 AD3d at 1040).
Moreover, the Family Court properly found that the mother neglected Jamyah M. based on inadequate supervision or guardianship. The testimony of ACS's expert, along with the testimony of ACS's caseworker, established that, after Jamyah M. reported to the mother that she was sexually abused by Gary H., the mother told Jamyah M. that she would call the police but did not do so and allowed Gary H. to continue residing in the home with Jamyah M. As such, the mother failed to protect Jamyah M. and placed Jamyah M. at substantial risk of harm (see Matter of Sama A. [Safaa S.], 224 AD3d at 679; Matter of Jose E. [Jose M.], 176 AD3d at 1203; Matter of Patricia B., 61 AD3d at 862).
The Family Court also properly found that ACS established by a preponderance of the evidence that the mother neglected Jamyah M. and Malik M. by failing to provide them with proper supervision or guardianship and that, as a result, Jamyah M.'s and Malik M.'s physical, mental, or emotional conditions were impaired or were in imminent danger of becoming impaired by the acts of domestic violence perpetrated in their presence (see Nicholson v Scoppetta, 3 NY3d at 371; Matter of Bronx S. [Denzel J.], 217 AD3d at 957). Contrary to the mother's contention, her status as a victim of domestic violence did not preclude a finding of neglect against her (see Nicholson v Scoppetta, 3 NY3d at 371; Matter of Bronx S. [Denzel J.], 217 AD3d at 957; see e.g. Matter of Christopher D.B. [Lorraine H.], 157 AD3d at 948; Matter of Angelique L., 42 AD3d 569, 572). The record established that the mother acknowledged that Jamyah M. and Malik M. knew of repeated domestic violence by Gary H. as well as the mother's former boyfriend against her and had reason to be afraid of them, yet the mother nonetheless allowed the men to return to her home several times and lacked awareness of any impact of the violence on those children (see Nicholson v Scoppetta, 3 NY3d at 371; Matter of Bronx S. [Denzel J.], 217 AD3d at 957; Matter of Christopher D.B. [Lorraine H.], 157 AD3d at 948).
Further, ACS established by a preponderance of the evidence that the mother neglected Jamyah M. and Malik M. in that she knew that Gary H. was inflicting excessive corporal punishment on those children, yet she failed to take any steps to protect those children (see Matter [*4]of Z'naya D.J. [Vanessa J.], 141 AD3d 652, 654; Matter of Ishaq B. [Lea B.], 121 AD3d 889, 890; Matter of Iouke H. [Terrence H.], 94 AD3d 889, 891).
Furthermore, the mother's neglect of Jamyah M. and Malik M. envinced a flawed understanding of her duties as a person legally responsible for a child and impaired judgment sufficient to support a finding of derivative neglect as to Clarity H. M. and Kira M. H. (see Matter of Shayla G. [Lakisha C.], 233 AD3d at 682; Matter of Iouke H. [Terrence H.], 94 AD3d at 891; Matter of Alanna S. [Regina A.], 92 AD3d 787, 788).
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court